**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

In Re:

WINN-DIXIE STORES, INC., et al.,

        Reorganized Debtors.

---

HARRISON COUNTY, MISSISSIPPI,
TAX COLLECTOR,

        Appellant,

vs.                                            Case No. 3:09-cv-1211-TJC

WINN-DIXIE STORES, INC., et al.,

        Appellees.

---

## **ORDER**

        This case is before the Court on appeal from the United States Bankruptcy Court, Middle District of Florida, Jacksonville Division. Appellant Harrison County, Mississippi, Tax Collector ("Harrison County") appeals (i) the Bankruptcy Court's October 16, 2009 Order Granting Reorganized Debtors' Motion to Strike Motion for Relief from Order Determining Tax Liabilities as to Harrison County (the "Strike Order"); and (ii) the Bankruptcy Court's November 13, 2009 Order Denying Motion for Reconsideration of Order Granting Reorganized Debtors' Motion to Strike Motion for Relief from Order Determining Tax Liabilities as to Harrison County (collectively, the "Bankruptcy Orders"). The Bankruptcy Orders are final orders subject to review by this Court under 28 U.S.C. § 158(a)(1) and Rule 8001(a), Fed. R. Bankr. P. Harrison County timely filed its notice of appeal on November

23, 2009, and the parties have filed corresponding appellate briefs (Docs. 4, 6). The Court heard oral argument on July 26, 2010, the record of which is incorporated by reference (Doc. 10).

In reviewing issues on appeal from a bankruptcy court, this Court functions in an appellate capacity. Equitable Life Assurance Soc'y v. Sublett (In re Sublett), 895 F.2d 1381, 1383-84 (11th Cir. 1990); Fed. R. Bankr. P. 8013. In this appeal, this Court is asked to determine whether the Bankruptcy Court erred in striking Harrison County's pleading for failure to comply with a discovery order.[1] An appellate court's review of an order imposing discovery sanctions is "sharply limited to a search for abuse of discretion." BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045, 1048 (11th Cir. 1994). A court "abuses its discretion when it . . . ignores or misunderstands the relevant evidence, and bases its decision upon considerations having little factual support." Arlook v. S. Lichtenberg & Co., 952 F.2d 367, 374 (11th Cir. 1992). Because federal courts have broad discretion to impose sanctions, reversal is proper only if this Court is "left with a definite and firm conviction that the [Bankruptcy Court] committed a clear error of judgment in the conclusion it reached upon a weighing of relevant factors." BankAtlantic, 12 F.3d at 1048 (citation omitted).

In this case, the Bankruptcy Court concluded that Harrison County had violated its order requiring Harrison County to serve "complete responses (including documents)" to

---

[1] Pursuant to Fed. R. Bankr. P. 7037, Fed. R. Civ. P. 37 applies in adversary proceedings. Rule 37(b)(2) authorizes a court to impose sanctions "[i]f a party ... fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Among the sanctions specifically authorized by Rule 37(b)(2) is the entry of an order "striking pleadings in whole or in part." Id. at 37(b)(2)(A)(iii).

Winn-Dixie's discovery requests by a date certain. (Bankr. Doc. 22660; the "Conditional Order").[2] Given the overall history and procedural posture of this issue (which this Court will not repeat), this Court finds that the Bankruptcy Court's conclusion does not constitute a "clear error of judgment." As a result, this Court finds that the Bankruptcy Court acted within its discretion in striking Harrison County's pleading.

Because the imposition of sanctions implicates due process, the Court must also determine whether the sanctions were just. See Serra Chevrolet, Inc. v. General Motors Corp., 446 F.3d 1137, 1151 (11th Cir. 2006).[3] As the Conditional Order placed Harrison County on notice of the consequences of the conduct for which it was ultimately sanctioned, the Court finds that the sanctions imposed were "both 'just' and 'specifically related to the particular 'claim' which was at issue in the order to provide discovery.'" Serra Chevrolet, Inc,

---

[2]   The Conditional Order warned that the Bankruptcy Court would strike Harrison County's Motion for Relief if Winn-Dixie filed an affidavit indicating that Harrison County failed to provide complete discovery responses, as it had been directed. Winn-Dixie did file such an affidavit, attaching as exhibits copies of the allegedly inadequate discovery responses. (Bankr. Doc. 22668; the "Affidavit"). After review of Winn-Dixie's Motion to Strike (Bankr. Doc. 22546), the Conditional Order, the Affidavit, Harrison County's affidavit in opposition (Doc. 11), and Winn-Dixie's memorandum of law in support of its Motion to Strike (Bankr. Doc. 22681), the Bankruptcy Court granted Winn-Dixie's Motion to Strike Harrison County's Motion for Relief. Thereafter, the Bankruptcy Court denied Harrison County's Motion for Reconsideration (Bankr. Doc. 22704).

[3]   To comply with the Due Process Clause of the Fifth Amendment, "a court must impose sanctions that are both 'just' and 'specifically related to the particular 'claim' which was at issue in the order to provide discovery.'" Id. (quoting Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707 (1982); see also Goodman v. New Horizons Community Serv. Bd., 2006 WL 940646 at *2 (11th Cir. 2006)("Principles of due process require that a party have adequate notice of the consequences of the conduct for which he has been sanctioned").

446 F.3d at 1151 (quoting Insurance Corp. of Ireland, 456 U.S. at 707).[4]

Accordingly, it is hereby

**ORDERED**:

The United States Bankruptcy Court's October 16, 2009 Order Granting Reorganized Debtors' Motion to Strike Motion for Relief from Order Determining Tax Liabilities as to Harrison County, and November 13, 2009 Order Denying Motion for Reconsideration of Order Granting Reorganized Debtors' Motion to Strike Motion for Relief from Order Determining Tax Liabilities as to Harrison County are **AFFIRMED**. The Clerk should close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of August, 2010.

TIMOTHY J. CORRIGAN
United States District Judge

jmm.
Copies:

Honorable Jerry A. Funk, U.S. Bankruptcy Judge
counsel of record

---

[4] Though the Court expressed concern at oral argument about the propriety of the Bankruptcy Court's Strike Order being driven solely by Winn-Dixie's Affidavit, the Strike Order itself recites that the Bankruptcy Court considered the entire record, including Harrison County's affidavit in opposition (Doc. 11). In addition, though the Bankruptcy Court issued the Strike Order before Harrison County could respond to Winn-Dixie's memorandum of law in support of its Motion to Strike, counsel for Harrison County converted its anticipated response into a Motion for Reconsideration, which was duly considered and denied by the Bankruptcy Court. Thus, this Court is satisfied that Harrison County had an opportunity to voice its opposition to the Winn-Dixie Affidavit and that such opposition was considered (and rejected) by the Bankruptcy Court, in accordance with principles of due process.